UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRAVIS P. DELAGRANGE, )<br>)<br>Plaintiff, )<br>)<br>v.                                 )<br>)<br>WEAVER POPCORN )<br>MANUFACTURING, INC., )<br>)<br>Defendant. ) | CAUSE NO.: |

## COMPLAINT

Comes now Plaintiff, by counsel, alleges against the Defendant that:

1. Plaintiff is Travis P. DeLaGrange who worked at Weaver Popcorn Manufacturing, Inc., through a temporary service, Pro Resources Staffing Services, from about February 25, 2019 until his termination on or about December 3, 2019.  Weaver Popcorn, however was Plaintiff's employer and controlled the terms, conditions, and benefits of Plaintiff's employment.  Plaintiff is a resident of Marion Indiana and worked for Weaver Popcorn Manufacturing, Inc., in Van Buren, Indiana.

2. Defendant Weaver Popcorn Manufacturing, Inc., is a company doing business at at 408 West Landess Street, Van Buren, Indiana 46991.  Defendant is an "employer" for purposes of Title VII and the ADA.  Defendant's Registered Agent is Brian Hamilton, 4485 South Perry Worth Road, Whitestown, Indiana 46075.

3. Plaintiff filed a Charge of Discrimination No. 470-2020-01790 on or about February 24, 2020, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A.  The EEOC issued a Dismissal and Notice of Rights on or about September 9, 2020 (Exhibit B), and this Complaint has been filed within ninety days

after receipt thereof.

4. Plaintiff alleges that he suffered a sexually hostile work environment, disability discrimination and retaliatory discharge -- all while an employee at Weaver Popcorn Manufacturing, Inc., for the allegations set forth in his Charge of Discrimination (Exhibit A).

5. Plaintiff alleged that he was a disabled individual under the American's With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and that he was sexually harassed and retailed against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

6. Plaintiff was disabled/regarded as being disabled and had a record of impairment regarding his disabilities, which included hearing loss and sinus complications/surgery, conditions which substantially interfered with Plaintiff's everyday life activities of hearing and listening and breathing.  Defendant Weaver Popcorn Manufacturing, Inc., viewed Plaintiff's hearing loss test and regarded Plaintiff as having a disability and denied Plaintiff any interactive process which could have led to a reasonable accommodation for his disabilities, but Defendant failed to engage in the interactive process and denied Plaintiff any accommodations under the ADA.

7. On or about December 3, 2019, Plaintiff was informed that his assignment had ended as a result of "performance" issues, but Plaintiff had not received any write-ups or prior issues regarding his performance (except Plaintiff received one write-up which fell off after three months, and this write-up was for complaining about needing additional help on his line).  During this write-up, Plaintiff requested to be moved to a

different line and was denied.

8. Plaintiff contends that his termination was discriminatory and retaliatory and resulted from Defendant's intentional actions which were in reckless disregard of Plaintiff's federally protected civil rights under Title VII and the ADA.  Normally, Defendant made its "temps" full-time hires within six (6) months of employment, but Plaintiff was retaliated against for taking a hearing test (ADA disability discrimination).

9. Plaintiff requests compensation for the loss of his job and job-related benefits including income, mental anguish, emotional distress, inconvenience, humiliation, embarrassment, and other damages and injuries.  Because Defendant acted intentionally and in reckless disregard of Plaintiff's federal rights.  Plaintiff requests punitive damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, backpay, front pay, reasonable attorney fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:  cmyers@myers-law.com
*Attorney for Plaintiff*

3